JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carlos Valentine

## DEFENDANTS
VISION QUEST NATIONAL , LTD.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    PIMA COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1  U.S. Government Plaintiff | 3  Federal Question *(U.S. Government Not a Party)* |
| 2  U.S. Government Defendant | ✓ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | ✓ 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>✓ 360 Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury - Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated New Drug Application<br>840 Trademark | 375 False Claims Act<br>376 Qui Tam (31 USC 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | 890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | 440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>445 Amer. w/Disabilities - Employment<br>446 Amer. w/Disabilities - Other<br>448 Education | **Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee - Conditions of Confinement | | **FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | 896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1  Original Proceeding | ✓ 2  Removed from State Court | 3  Remanded from Appellate Court | 4  Reinstated or Reopened | 5  Transferred from Another District *(specify)* | 6  Multidistrict Litigation - Transfer | 8  Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. SECTION 1441

Brief description of cause:
Plf alleges injuries as a result of physical,sexual and emotional abuse while a minor in custody of Def facility

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   See-attached

DOCKET NUMBER

DATE
05/23/2022

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

| Print | Save As... | | Reset |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____ **4400 East Broadway Boulevard, Suite 501, Tucson, AZ  85711** _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ **See attached** _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☑   No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/23/2022__   _[signature]_   __58261__
                                     *Must sign here*
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*   **Federal Question Cases:**

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

*B.*   **Diversity Jurisdiction Cases:**

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☑ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ **Gerald J. Valentini, Esq.** _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __05/23/2022__   _[signature]_   __58261__
                                   *Sign here if applicable*
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5-2018)*

**EACH NEWLY REMOVED CASE IS TO BE RANDOMLY ASSIGNED AND THEN LATER CONSOLIDATED WITH THE CASES PENDING BEFORE JUDGE MCHUGH:**

**Coleman v. VisionQuest National, LTD. No. 2:22-cv-01726-GAM**

**Highly v. VisionQuest, National, LTD. No.:2:22-cv-01997**

**Valentine v. VisionQuest, National, LTD.**

**Per Judge Sanchez's April 29, 2022 Orders the below cases have been consolidated**

1. *Barron v. VisionQuest National, LTD*, No. 2:21-cv-04801-GAM

2. *Rivers v. VisionQuest National, LTD*, No. 2:21-cv-04928-PD,

3. *Gregory v. VisionQuest National, LTD*, No. 2:21-cv-04929-HB,

4. *Harris, III v. VisionQuest National, LTD*, No. 2:21-cv-04938-JMY,

5. *Meyer v. VisionQuest National, LTD*, No. 2:21-cv-04940-GEKP

6. *Boxley v. VisionQuest National, LTD*. No. 2:22-cv-00380-GEKP

7. *Vazquez v. VisionQuest National, LTD*. No. 2:22-cv-00410-KSM

8. *Wallace v. VisionQuest National, LTD*. No. 2:22-cv-00411-MSG

9. *Pitts v. VisionQuest National, LTD*. No. 2:22-cv-00680-AB

10. *Foster s v. VisionQuest National, LTD*. No. 2:22-cv-00682-JDW

11. *Herd v. VisionQuest National, LTD*. No. 2:22-cv-00976-AB

12. *Shields v. VisionQuest National, LTD*. No. 2:22-cv-00981-JS

13. *Mincy v. VisionQuest National, LTD*. No. 2:22-cv-01047-JHS

14. *Hayes v. VisionQuest National, LTD*. No. 2:22-cv-01264-NIQA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Carlos Valentine <br> v. <br> VisionQuest National, Ltd., et al. | CIVIL ACTION NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( x )

| 5/23/2022 | _VisionQuest National Ltd_ |
|---|---|
| **Date** | **Attorney for Defendant** |
| **Attorney-at-law** | |

| (215) 587-9400 | (215) 587-9456 | |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS VALENTINE | CIVIL ACTION |
| v. | NO. |
| VISIONQUEST NATIONAL, LTD. | |

### NOTICE OF REMOVAL OF DEFENDANT
### *VISIONQUEST NATIONAL, LTD.*

Defendant, VisionQuest National, LTD., by its attorneys, Deasey, Mahoney & Valentini, LTD., hereby removes the above-captioned action, which is presently in the Court of Common Pleas of Chester County, Pennsylvania, No. 2022-02260-TT, pursuant to 28 U.S.C. §1441 et seq. and in support thereof states as follows:

1.      On April 3, 2022, Plaintiff commenced this action by filing a Writ of Summons against VisionQuest National, LTD. in the Court of Common Pleas of Chester County, Pennsylvania ("the Chester County Action"). A copy of that Writ of Summons is attached as Exhibit "1."

2.      On May 16, 2022, Plaintiff filed his Complaint against VisionQuest National, LTD. in the Chester County action. A copy of Plaintiff's Complaint is attached as Exhibit "2."

3.      This Notice is being filed within thirty days after VisionQuest National, LTD. received Plaintiffs' Complaint, and within one year of the institution of Plaintiff's suit, in compliance with 28 U.S.C. §1446(b).

4.      In its Complaint, Plaintiff alleges that he is an adult individual and a resident of the Commonwealth of Pennsylvania. (See Exhibit 2, ¶ 5).

5.      VisionQuest National, LTD. is a corporation organized and existing under the laws of the State of Arizona and, alleged in Plaintiff's Complaint, its corporate headquarters office is located at 4400 East Broadway Boulevard Suite 501, Tucson, Arizona.

6.      Plaintiff further alleges in his Complaint that VisionQuest National, LTD maintains Pennsylvania corporate headquarters located at 150 East Pennsylvania Suite 430 Downingtown, Pennsylvania. (See Exhibit 2, ¶ 6).

7.      However, while VisionQuest previously maintained a facility located at 150 East Pennsylvania Suite 430 Downingtown, Pennsylvania, that facility closed in September 2015, and has remained closed ever since that time.  At no time since September 2015 did VisionQuest National, LTD. maintain a corporate headquarters in Downingtown, Pennsylvania. See a copy of the affidavit of Carol Keller is attached as Exhibit "3".

8.      In this action, Plaintiff seeks damages as a result of alleged harm caused to Plaintiff by the actions of Defendants employees, agents, staff and/or volunteers. (See Exhibit 2, ¶ 8).

9.      In Count I of his Complaint in the Chester County action, Plaintiff alleges that he sustained damages as the direct and proximate result of the carelessness, negligence, and/or recklessness of Defendant VisionQuest National, LTD.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

10.     In Count II of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. negligently supervised, hired, and retained its employees which caused Plaintiff to suffer injuries.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages

legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

11.      In Count III of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

12.      Since the amount in controversy in this case is in excess of $75,000, and because Plaintiff and VisionQuest National, LTD. are domiciliaries of different States, this Court may exercise jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332.

13.      This action may be removed to this Court by VisionQuest National, LTD. pursuant to 28 U.S.C. §1441(a) in that this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania, and in that this Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

14.      VisionQuest National, LTD. has given written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. §1446(d), by filing this Notice of Removal with the Court of Common Pleas of Chester County and by giving written notice to counsel for Plaintiff.  A copy of the Praecipe to File Notice of Removal as filed by VisionQuest National, LTD., is attached as Exhibit "4".  A copy of the Notice to Plaintiff, given by VisionQuest National, LTD., is attached as Exhibit "5".

**WHEREFORE**, Defendant VisionQuest National, LTD. respectfully requests that the Chester County action be removed to this Court.

DEASEY, MAHONEY & VALENTINI, LTD.

BY: _____

GERALD J. VALENTINI, ESQUIRE
CHRYSTALE B. HEWITT, ESQUIRE
J.D. FEENANE, ESQUIRE
Attorneys for Defendant,
VisionQuest National LTD.
1601 Market Street, Suite 3400
Philadelphia, PA  19103
(215) 587-9400/(215) 587-9456 – fax
gvalentini@dmvlawfirm.com

Date:   May 23, 2022

# EXHIBIT "1"

**Supreme Court of Pennsylvania**

**Court of Common Pleas**

**Civil Cover Sheet**

<u>CHESTER</u> County



For Prothonotary Use Only:

Docket No:

**2022-02260-TT**

Filed and Attested by PROTHONOTARY 05 April 2022 08:01 PM G. Luna/Valente

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

| | |
|---|---|
| **Commencement of Action** | |
| Complaint   ✓ Writ of Summons | Petition |
| Transfer from Another Jurisdiction | Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| **CARLOS VALENTINE** | **VISIONQUEST NATIONAL, LTD** |

| Are money damages requested?   Yes  ✓ No | Dollar Amount Requested:   Within arbitration limits |
|---|---|
| | (check one)   ✓ outside arbitration limits |

| Is this a Class Action Suit?   Yes  ✓ No | Is this an MDJ Appeal?   Yes  ✓ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: David Wesley Cornish

**Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.*
If you are making more than one type of claim, check the one that you consider most important.

| **TORT** *(do not include Mass Tort)* | **CONTRACT** *(do not include Judgments)* | **CIVIL APPEALS** |
|---|---|---|
| ✓ Intentional | ___ Buyer Plaintiff | Administrative Agencies |
| ___ Malicious Prosecution | ___ Debt Collection: Credit Card | ___ Board of Assessment |
| ___ Motor Vehicle | ___ Debt Collection: Other | ___ Board of Elections |
| ___ Nuisance | ___ Employment Dispute: | ___ Dept. of Transportation |
| ___ Premises Liability | Discrimination | ___ Statutory Appeal: Other |
| ___ Product Liability *(does not include mass tort)* | ___ Employment Dispute: Other | ___ Zoning Board |
| ___ Slander/Libel/Defamation | ___ Other | ___ Other: |
| ___ Other: | | |
| **MASS TORT** | **REAL PROPERTY** | **MISCELLANEOUS** |
| ___ Asbestos | ___ Ejectment | ___ Common Law/Statutory Arbitration |
| ___ Tobacco | ___ Eminent Domain/Condemnation | ___ Declaratory Judgement |
| ___ Toxic Tort - DES | ___ Ground Rent | ___ Mandamus |
| ___ Toxic Tort - Implant | ___ Landlord/Tenant Dispute | ___ Non-Domestic Relations |
| ___ Toxic Waste | ___ Mortgage Foreclosure: Residential | ___ Restraining Order |
| ___ Other: | ___ Mortgage Foreclosure: Commercial | ___ Quo Warranto |
| | ___ Partition | ___ Replevin |
| **PROFESSIONAL LIABILITY** | ___ Quiet Title | ___ Other: |
| ___ Dental | ___ Other: | |
| ___ Legal | | |
| ___ Medical | | |
| ___ Other Professional | | |

*2022-02260-TT*

**Chester County**
**Court of Common Pleas**
**Cover Sheet**

| Docket No: |
|---|
| **2022-02260-TT** |

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
|---|---|
| **CARLOS VALENTINE** | (Name, firm, address, telephone and attorney ID#) |
| 200 LYOLF ROAD   DARBY, PA 19023 | **David Wesley Cornish** |
| | (215) 990-8686 Cornerstone Legal Group attorney ID#: 310865 |
| | 230 South Broad Street 17th Floor Philadelphia, PA 19102 |

| Defendant(s): (Name, Address) | Are there any related cases? Please provide case nos. |
|---|---|
| **VISIONQUEST NATIONAL, LTD** | |
| 4400 EAST BROADWAY BOULEVARD SUITE 501  TUCSON, AZ 85711 | |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

**Commencement of Action (if applicable):** __ Agreement for an Amicable Action __ Motion to Confirm Arbitration Award
Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded __ Yes ✓ No

Nature of case if not on previous cover sheet - Please choose the most applicable

- Annulment
- Custody - Conciliation Required
- Custody - Foreign Order
- Custody - No Conciliation Required
- Divorce - Ancillary Relief Request
- Divorce - No Ancillary Relief Requested
- Foreign Divorce
- Foreign Protection from Abuse
- Paternity
- Protection from Abuse
- Standby Guardianship

- Writ of Certiorari
- Injunctive Relief
- Mechanics Lien Claim
- Issuance of Foreign Subpoena
- Name Change
- Petition for Structured Settlement

**Arbitration Cases Only**

| Arbitration Date | mm/dd/yyyy |
|---|---|
| Arbitration Time | hh:mm:ss |

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.
This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**Notice of Trial Listing Date**
Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

**File with:** Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989
*2022-02260-TT*

| These cover sheets must be served upon all other parties to the action immediately after filing. |
| Submit enough copies for service. |



Filed and Attested by
PROTHONOTARY
03 Apr 2022 08:01 PM
Luna Valente

## IN THE COURT OF COMMON PLEAS, CHESTER COUNTY
### Fifteenth Judicial District of Pennsylvania
### West Chester, Pennsylvania

CARLOS VALENTINE

        Plaintiff(s)

        v.

VISIONQUEST NATIONAL, LTD
        Defendant(s)

CASE NUMBER  2022-02260-TT

CIVIL ACTION - LAW

## WRIT OF SUMMONS

**TO:**   VISIONQUEST NATIONAL, LTD

**YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.**

**Date:** 04/03/2022

Debbie Bookman

_Debbie Bookman_

**Prothonotary**

by:  _C. ___ Valnt___

**Deputy**

*2022-02260-TT*



IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYL...

Carlos Valentine,

                Plaintiff,

      v.

VISIONQUEST NATIONAL LTD t/d/b/a
VISIONQUEST IN PENNSYLVANIA,

                Defendant.

CIVIL DIVISION

No.:

**PRAECIPE FOR WRIT OF
SUMMONS**

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group
230 Broad Street, 17th Floor
Philadelphia, PA 19102

Phone: 212-444-2039
Fax: 212-535-7365

*2022-02260-TT*

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYLVANIA

Carlos Valentine,                                CIVIL DIVISION

                    Plaintiff,                   No.:

          v.

VISIONQUEST NATIONAL LTD t/d/b/a
VISIONQUEST IN PENNSYLVANIA,

                    Defendant.

## PRAECIPE FOR WRIT OF SUMMONS

TO:   OFFICE OF THE PROTHONOTARY

      Kindly issue the Writ of Summons in the above-captioned matter.

                              Respectfully submitted,

                              Cornerstone Legal Group

                              s/D. Wesley Cornish
                              D. Wesley Cornish, Esquire
                              Attorney for Plaintiff

*2022-02260-TT*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Dated: April 3, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Dated: April 3, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Dated**: April 3, 2022

# EXHIBIT "2"

*Filed and Attested by*
*PROTHONOTARY*
*16 May 2022 04:50 PM*
*C. Luna-Valente*

| | | |
|---|---|---|
| **Carlos Valentine (Plaintiff),** | : | **Chester County Common P** |
| v. | : | **Civil Division – Jury Trial I** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 2022-02260-TT** |

## COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Carlos Valentine (Plaintiff), | : | **Chester County Common Pleas Court** |
|---|---|---|
| v. | : | **Civil Division – Jury Trial Demand** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 2022-02260-TT** |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND WHERE YOU CAN GET LEGAL HELP

**PA Lawyer Referral Services:**
PA Bar Association
100 South Street Harrisburg, PA 17108
Phone (800) 692-7375

**Chester County Bar Association**
Lawyer Referral & Information Service
15 West Gay Street, West Chester, PA 19381
Phone (610) 429-1500

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court Administrator's Office. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

## AVISO

Lehan demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantespara usted. LLEVE EST A DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DfNERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUY A DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ASOCIACION DE LICENCIADOS DE FILADELFIA

**Chester County Bar Association**
Lawyer Referral Service
15 West Gay Street, West Chester, PA 19381
Phone (610) 429-1500

| Carlos Valentine (Plaintiff), | : | Chester County Common Pleas Court |
| v. | : | Civil Division – Jury Trial Demand |
| VisionQuest National LTD, (Defendant) | : | No. 2022-02260-TT |

## COMPLAINT

**AND NOW** come the Plaintiff, Carlos Valentine, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.    Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4.   The Plaintiff Valentine brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

**II.       Parties**

5.   Plaintiff, **Carlos Valentine** is an adult individual and resident of the Commonwealth of Pennsylvania.

6.   Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7.   The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8.   The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

**III.       Facts**

9.   VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Carlos Valentine's Experience*

10. Plaintiff was court-ordered to reside at VisionQuest.

11. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

12. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    i. Plaintiff was court ordered to live at VisionQuest at VisionQuest Nationals and VisionQuest South Mountain Camp Charles Young when he was approximately 15-17 years old during approximately 2007-2009.

    ii. While at Defendant's facility, staff member Captain Hill, grabbed, touched, and fondled Plaintiff's genitals while he was naked in his on-campus residence.

    iii. Plaintiff was getting changed when Captain Hill grabbed his genitals.

    iv. Plaintiff did not recall seeing anyone else present when Captain Hill fondled his genitals.

    v.   Additionally, Captain Hill fondled Plaintiff's genitals while he was naked and/or underneath his clothing on multiple other occasions.

    vi.   Staff member Captain Hill sexually assaulted Plaintiff numerous times and he cannot recall the exact number of instances.

    vii.   Staff member Captain Hill would grope Plaintiff's penis and testicles both underneath and outside his clothing during other sexual assaults.

    viii.   Plaintiff does not recall the exact dates on which he was fondled and groped underneath his clothing by Captain Hill.

    ix.   Plaintiff also was inappropriately touched by numerous other male staff members, including by having his buttocks, penis, and testicles groped on so many occasions as to constitute continuous, and on-going conduct.

    x.   Plaintiff was groped by numerous staff members in the guise of searches when Plaintiff was complying with orders and not acting inappropriately.

    xi.   Excepting Captain Hill, Plaintiff was otherwise also groped and fondled only on the outside of his clothing.

    xii.   Plaintiff does not believe, staff member Captain Hill was ever disciplined, reprimanded, and/or otherwise reported to the appropriate law enforcement authorities for his actions in sexually abusing Plaintiff.

    xiii.   There was no legitimate reason for Plaintiff to have his buttocks touched in the manner previously described by any of the staff members.

15. Specifically, regarding staff member(s) **<u>Captain Hill</u>** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Valentine v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Valentine were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

   a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

   b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

d. In failing to provide any oversight to the employees or staff given the written reports, complaints, and witnessing of these acts of sexual abuse conducted by supervisors and administrators;

e. In failing to take proper remedial measures to actively combat allegations of sexual abuse by its employees, staff, or residents despite numerous allegations of such abuse;

f. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

g. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

b. Plaintiff was deprived of educational opportunities, by the Defendant and;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

    a.  Immense on-going embarrassment and humiliation;

    b.  Loss of self-esteem and shame;

    c.  Emotional distress;

    d.  Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    e.  Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    f.  Severe mental anguish and trauma;

    g.  Anxiety, depression, nausea and loss of sleep;

    h.  A loss of enjoyment of life;

    i.  A loss of the ability to form relationships and inability to trust others;

    j.  A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

    k.  Loss of educational opportunities and;

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Valentine demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

<u>**Count 2 – Negligent Supervision, Hiring, and Retention (Valentine v. VisionQuest)**</u>

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully

    herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report

    child abuse when a reasonable belief exists it occurred, and the Defendant breached this

    duty and failed to notify the proper authorities about the Plaintiff's abuse as required by

    55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child

    abuse reporting requirement laws related to mandatory abuse reporters and applicable to

    Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the

    staff against other juvenile students within Plaintiff's view was so outrageous it shocks

    the conscious.

27. The staff members' conduct, especially <u>**Captain Hill**</u>, in assaulting Plaintiff Valentine, is

    so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper

    regulations related to investigating, preventing, and reporting child in particular regarding

    the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including

    supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by

    persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and

    supervision of Plaintiff was under the direction and supervision of Defendant

VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

   a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat clients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Valentine demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 3- Respondeat Superior (Valentine v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55

Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Valentine demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: May 15, 2022

*2022-02260-TT*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: May 15, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: May 15, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: May 15, 2022

## VERIFICATION

The undersigned, having read the attached pleading verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. Signer verifies that he has read the within pleading and that it is true and correct to the best of the signer's knowledge, information and belief. This verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities and under the penalty of perjury pursuant to the laws of the United States.

_Carlos Valentine_
Signature

_Carlos Valentine_
Printed Name

# EXHIBIT "3"

DEASEY, MAHONEY & VALENTINI, LTD.
By:    J.D. FEENANE, Esquire
Pa. Attorney Identification No. 319480
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone: (215) 587-9400

Attorneys for Defendant,
VisionQuest National, LTD.
("incorrectly named herein as
t/d/b/a VisionQuest in
Pennsylvania")

## IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYLVANIA

| | |
|---|---|
| CARLOS VALENTINE | |
| Plaintiff, | No. 2022-02260-TT |
| v. | |
| VISIONQUEST NATIONAL, LTD.<br>t/d/b/a VISIONQUEST IN<br>PENNYSYLVANIA | |
| Defendant | |

## **AFFIDAVIT**

I, Carol Keller, being duly sworn, according to oath, hereby deposes and states:

1.  I am the Interim Chief Executive Officer VisionQuest National, LTD., and have held this position since June 1, 2021.

2.  I am also the Chief Operating Officer of VisionQuest National, LTD., and have held this position since May 1, 2020.

3.  I am familiar with the company's dealings, transactions, facilities and corporate locations.

4.  VisionQuest National, LTD.'s corporate headquarters and principal place of business is located at 4400 East Broad Boulevard, Suite 501, Tucson, Arizona 85711-3554.

5. VisionQuest National, LTD. does not maintain corporate headquarters or a principal place of business in the Commonwealth of Pennsylvania.

6. VisionQuest National, LTD. previously operated a facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown, Pennsylvania, 19335. However, that facility closed in September 2015 and has not operated since that time.

7. The facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown, Pennsylvania, 19335, did not serve as corporate headquarters or a principal place of business for VisionQuest National, LTD. at any time.

BY: _____
CAROL KELLER
INTERIM CHIEF EXECUTIVE OFFICER
AND CHIEF OPERATING OFFICER,
VISIONQUEST NATIONAL, LTD.


Sworn to and subscribed before me
this 21st day of April , 20 22

_____
NOTARY PUBLIC
My Commission Expires: 6-16-2024



JANA S. CLARK
NOTARY PUBLIC - ARIZONA
PIMA COUNTY
COMMISSION #584753
MY COMMISSION EXPIRES
JUNE 16, 2024

# EXHIBIT "4"

**DEASEY, MAHONEY & VALENTINI, LTD.**
By: Gerald J. Valentini, Esquire
 Chrystale B. Hewitt, Esquire
J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/82351/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

*Attorneys for Defendant,
VisionQuest National, LTD.*

| | |
|---|---|
| ANTOINE COLEMAN<br><br>v.<br><br>VISIONQUEST NATIONAL LTD. | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>NO. 2022-01698-TT |

## <u>PRAECIPE TO FILE NOTICE OF REMOVAL</u>

TO THE PROTHONOTARY:

Kindly file the attached copy of the Notice of Removal, the original of which was filed

with the Clerk of the United States District Court for the Eastern District of Pennsylvania on May

23, 2022.  This Notice of Removal was filed pursuant to 28 U.S.C. §1446 (d).

DEASEY, MAHONEY & VALENTINI, LTD.

BY_____
**GERALD J. VALENTINI, ESQUIRE**
**CHRYSTALE B. HEWITT, ESQUIRE**
**J.D. FEENANE, ESQUIRE**
Attorneys for Defendant,
VisionQuest National, LTD.

Date:  May 23, 2022

**DEASEY, MAHONEY & VALENTINI, LTD.**
By: Gerald J. Valentini, Esquire
  Chrystale B. Hewitt, Esquire
J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/82351/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

*Attorneys for Defendant,*
*VisionQuest National, LTD.*

| | |
|---|---|
| ANTOINE COLEMAN<br><br>v.<br><br>VISIONQUEST NATIONAL LTD. | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>NO. 2022-01698-TT |

### CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022 a copy of the foregoing Praecipe to File Notice of Removal was mailed first-class, postage prepaid, to counsel for Plaintiff at the following address:

David Wesley Cornish, Esquire
Cornerstone Legal Group
230 Broad Street 17th Floor
Philadelphia, PA 19102

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY_____
    GERALD J. VALENTINI, ESQUIRE
    CHRYSTALE B. HEWITT, ESQUIRE
    J.D. FEENANE, ESQUIRE
    Attorneys for Defendant,
    VisionQuest National, LTD.

Date: May 23, 2022

# EXHIBIT "5"

**DEASEY, MAHONEY & VALENTINI, LTD.**
By: Gerald J. Valentini, Esquire
  Chrystale B. Hewitt, Esquire
Attorney I.D. Nos. 58261 and 82351
1601 Market Street, Suite 3400
Philadelphia, PA 19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

*Attorneys for Defendant,*
*VisionQuest National, LTD.*

| | |
|---|---|
| ANTOINE COLEMAN | COURT OF COMMON PLEAS |
| v. | CHESTER COUNTY |
| VISIONQUEST NATIONAL LTD. | NO. 2022-01698-TT |

## NOTICE TO PLAINTIFF

TO:   David Wesley Cornish, Esquire
      Cornerstone Legal Group
      230 Broad Street 17th Floor
      Philadelphia, PA 19102

Please take notice that Defendant, VisionQuest National, LTD., has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania, removing this civil action now pending in the Court of Common Pleas of Chester County pursuant to 28 U.S.C. §1441, et seq. Also, please take notice that Defendant has filed in the United States District Court for the Eastern District of Pennsylvania a copy of the Complaint served upon it which was filed in the Court of Common Pleas of Chester County.

Copies of this Notice of Removal and Complaint are attached to this Notice and along with this Notice are being served upon you.

DEASEY, MAHONEY & VALENTINI, LTD.

BY_____
GERALD J. VALENTINI, ESQUIRE
CHRYSTALE B. HEWITT, ESQUIRE
J.D. FEENANE, ESQUIRE
Counsel for Defendant,
VisionQuest National, LTD.

Date:  May 23, 2022

**DEASEY, MAHONEY & VALENTINI, LTD.**                    *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                        *VisionQuest National, LTD.*
     Chrystale B. Hewitt, Esquire
     J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/82351/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| CARLOS VALENTINIE | COURT OF COMMON PLEAS |
| v. | CHESTER COUNTY |
| VISIONQUEST NATIONAL LTD. | NO. 2022-02260-TT |

## CERTIFICATE OF SERVICE

I herby certify that on May 23, 2022 a copy of the foregoing Notice to Plaintiff was

served via efiling.

                    **DEASEY, MAHONEY & VALENTINI, LTD.**

                    BY: _____
                         GERALD J. VALENTINI, ESQUIRE

DATE: May 23, 2022